Good afternoon, it is an honor to appear in here. In this case, despite the fact that the judge made a series of wholly erroneous evidentiary rulings and misapplied the doctrine of after-acquired evidence, the jury's verdict still proved that the plaintiff was never going to be a police chief in the city of Fitchburg or likely anywhere after a background check by the way the jury answered their questions. The doctrine of the after-acquired evidence issue infected this entire proceeding from the beginning. What you had in this was a hiring decision which was not complete. The mayor of Fitchburg selects a finalist, then they do a background check. Once that's completed, the mayor has to decide whether to keep going and then the city council has to approve it. What happened here is the mayor publicized her initial recommendation before the background check. So he wasn't hired. The background check commenced. The city and the press and the media and the councillors, everybody, received an anonymous letter which said, in essence, what are you people doing? Have you done any kind of a background check on this guy? He's had lots of problems. The plaintiff had told the city, I had absolutely no disloyal problems in the past and no issues that should concern you in my past ever. That's what he had told them in writing and verbally. As a result of the letter, the mayor stopped the process, said she was going to rush to the city council on March 20th, stopped it, and said you need to, to the background, badge quest, the company was doing the background check, you need to check out this information in the anonymous letter. And what happened then thereafter, she decided not to hire him. In their lawsuit, they have always claimed that's the hiring decision, her initial recommendation. What we have always said, what we have always explained to the trial judge was, no, they have to show, there has to be a showing that had the process continued and the city had received the information that they were inevitably going to get were he had been hired. The judge excluded most of that information. Based on this, frankly, it's not actual, after court evidence is, if you fire me because I'm, because I'm Jewish, and a year later you discover I also write my application, it cuts off damages, because you didn't know that when you fired me. In this case, the fact finder had to be able to see what was the city, what information was the city going to have at the time it made the decision. And they called it after acquired evidence. It's not. So the question becomes, once the city was ready to make a decision, hire or no hire, what information do they have, and would they have hired him? And despite the fact that the judge excluded 90% of the information the city would have had, he just excluded it, with no explanation. The investigator said, well, someone made a FAMF to get their personnel found. Someone made a Franklin to get the personnel found, the process stopped. I offered to introduce those funds. The judge said no. Why? I don't know. It makes no sense, because the city was going to have them at the time, at the key time to make the decision. This gentleman is a special agent of the Vailco Tobacco and Firearms. The background investigator had not even looked at his personnel file there. He had requested it. In his initial report, he said, I'm still awaiting that file. The judge excluded that file. There's no question. This man told the city, I have no problems in my past. None. In the ATF file, when they asked him the same thing, he said, yes, I did have problems. I was suspended for beating up my girlfriend, for domestic violence. I was found to be untruthful, which, as you know, by the Franklin Police, which causes tremendous gigolombranity problems if a police officer is found to be untruthful. And he said that in many cases. You say this all goes to liability or damage? Liability. So just in the same case as this one, if the mayor had said, I'm not hiring because of his race. I'm not recommending it. Yeah. So she says, I'm not hiring because of his race. Yes. You'd say no liability. No, I would say he has to prove that he would have been hired before that. In this case, you would say. In that case, I would say that that's the first step of liability. That the mayor says, I'm not going to recommend you because of your race, because you're white. Okay. I'm not going to recommend you. However, the plaintiff has to prove that. Then he or she has to prove that if the process had continued, he or she would have gotten a job. There is no liability until you show that you would have gotten a job. In this case, he wouldn't. And P.S., I know in our case it's a lot less clear than that. I understand your point, though. But I say to you in that case, no, there is no liability. Because what if we lost? We were never going to get this job. And in this case, we don't have that kind of stoppage because under the law, the mayor is allowed to decide not to hire him. Is there any mass case applying it to liability? It's not. The doctrine doesn't apply in the first place. Is there any mass case in which you've got strong evidence of discrimination, a sequenced hiring thing? He was yanked, right? They were told don't hire him. Put it this way. Could they have hired him under their rules after she withdrew the recommendation? No. Okay. So he proves that. How does he get anything? So that's what I'm saying. Is there any Massachusetts case that suggests when someone discriminates on an impermissible ground in a way that precludes the person from getting the job? Yes. There's no liability because for other reasons that person could not get the job? Yes. The motive cases are all about motive. What motive do you have? What's the motive that you had for firing him? There's a but-for test. I hear what you're saying. So what's the case that supports your view? Because there are cases about aftercourt evidence and damage. You say those don't apply because it's not an aftercourt evidence case. What's the case that indicates that when a hiring official for discriminatory reasons precludes a person from getting a job, there's no liability because that defendant can separately show that the plaintiff wouldn't have gotten the job anyway? I just know I have not seen such a case. I don't think anybody brings them. I mean, you have to show that you are qualified in all these cases. You have to show that you're qualified. Even the direct discrimination case? Well, there's no such case that exists. This will be the first. There's no such fact pattern like here. Because I also understand that as to her motive, we're talking angels in the head of a pin. She said, there's various things that she said that quote the papers. On the one hand, we've got relatively clear evidence of discrimination. I don't need to debate that. In the case that I'm positing, you have clear evidence of discrimination. Yes. And the clear evidence that the discrimination precluded the person from getting a job. No. In the case I'm positing, the hiring official says, do not hire this person. Yes. The reason I'm saying you should not hire them is because of their race. Yes. Because I've withdrawn their recommendation to that person, under the rules you can no longer hire the person. Okay? All that's true. Okay. You're still saying there may be no liability because that person happened not to be qualified. Yes. You can see the concern that that raises, because it's a potential basis to discriminate against unqualified people. It's still to be speculated whether there's going to be qualification or not, but there's quite clear evidence of the discrimination. You're talking about improper discrimination. I mean, we discriminate, we don't hire unqualified people, is the concept. It's not a license. It's not a license. I mean, part of the tort of discrimination, of any hiring tort, is that I was qualified, I didn't get the job. I didn't get the job for some impermissible reason, be it discrimination or not. But you have to prove you were qualified. You do not get damages. Is that an element of your claim? Yes. Yes. And in this circumstance also, when you look at the record in terms of the discrimination, okay, she is allowed to decide not to hire him because he had been charged, as long as she doesn't ask him. If she finds out from the third party, which is what happened here. I understand. That's just a different argument you recognize. That's an argument about there's no liability because there was no discrimination. Yes. I hear you. When you're positive, I get you. And I'm saying, no, you do not complete the tort if you're an unqualified person. If you don't prove that, it's a necessary element that you would have gotten this job or you would have been considered or something. In this case, you have to look at it from the perspective, I suggest, from the perspective of what would have happened when it was all finished. And also, when you look at the damages, you will see damages on defamation and everything else. They did not prove damages in the slightest. When you look at the defamatory, when you look at the answers to the questions in defamation, you will see that not being forthcoming about your character is the same thing as being not forthcoming. But you see, even on the discrimination, there were no damages. Just punitive. For, you know, when she's entitled to, as a result of getting the anonymous letter, it was legal for the mayor to say, I'm withdrawing it. Done. Because somebody told me, he had been charged criminally, that's legal. This case shows in the proposition that they somehow proved that it wasn't that he had done that, but because he hadn't told her. That danger had been distinction. I suggest you would have had the court frame this case correctly, allow the evidence in, we wouldn't be here. But the evidentiary rulings are astounding. It was not his saying to admit personnel files that they would have looked at. It's not being proven. And the judge says you can't re-litigate the fact that he admitted to domestic violence. That's not litigated. Sorry, but your time is up. Thank you. Mr. Carter. Thank you, your honors. Please, the court. Let me tell the court what case does exist in Massachusetts, which is the Haddad case, Haddad v. Walmart, which we cite, which is essentially the mixed motive analysis, where what the law says is where there is an improper discriminatory motive for an adverse action in an employment context, and a innocent reason for the action, it then becomes the employer's burden to prove that the innocent reason alone would have been sufficient. And my brother has not recognized that throughout. The district court judge did recognize that. It could never be, and I don't think we would want. What is the act of discrimination? The act of discrimination here. Let me finish my question. I'm sorry. Because the SJC, in the Barnes case versus the school committee, clearly said that receiving that information from a third person and using it is fine. Yes. So the act of discrimination here stems directly from general law chapter 151b, section 4.9, which says you can't take an adverse employment action against somebody for not disclosing a prior criminal charge on which they've been acquitted. Right. I'm going to answer the question. So the mayor made the adverse employment decision, which was to revoke the nomination because Mr. Hageme, according to the mayor, had not been forthcoming about the prior charge. Not that he had been charged, and she learned about that from a third party, but he had not been forthcoming, which that is the discrimination that is directly prohibited by the statute. She told the journalist, Paula Owen, he had not been. The reason that she changed her mind and withdrew the nomination is that Hageme had not been forthcoming about the prior assault charges when he was 21. Now, the mayor denied saying that to the journalist at trial, and the journalist flatly refuted that. The jury obviously believed the journalist. Furthermore, on the day of the adverse decision, which I think was March 18, 2014, the mayor told the director of human resources, I think it was sometime around 3 o'clock in the afternoon, go call Hageme, tell him he no longer has my support, and she gave the reason to the human resources director, who then told Hageme, and the human resources director then emailed BadgeQuest, which was involved in this whole hiring process. Hageme no longer has the mayor's support. He wasn't forthcoming about the prior charge. He didn't answer the question that we asked. So if the mayor had said, I've got this anonymous letter that accuses you of this, therefore, I'm not going to hire you, you say we wouldn't be here? Conceivably, we would not be here if the mayor had, first of all, said nothing to the, well, let me back up, if the mayor had simply said, I don't want to hire somebody who's had, no, I don't think they could. I think that basically, because of the prior charge on which she was acquitted, she could not make that the basis of her decision. That is the problem, and we have the proof that that was the basis. Why couldn't she do that? Why couldn't she do what? One message of thought prohibits her from hiring a police chief who was arrested for domestic violence in the past. Well, she could absolutely reject that. So my answer to Judge Thompson is that we wouldn't be here today. The only reason we're here is because she, a jury, could find on this record that the reason she didn't hire him was because he was not forthcoming about the prior charge. That's right. She could have not hired him for having the prior charge. Yes, except that, in this case, he was acquitted. Why does that matter? There's something about Matt's law that prohibits you from making that a condition. No, you're right. It's actually your line on it. No, you're right. It's just about the disclosure. You're right. It's just the disclosure, and it's just that she made it clear it was because he was not forthcoming. But if she had learned from a third party, that is correct, that there had been this prior charge and had nothing to do with whether he disclosed it or not, she could have made that decision. But the evidence showed that her motivation was that he had not been disclosed. There's no exception in Massachusetts law for a high policy official or police chief? No. So you could be trying to become the police chief, and you could lie about your past criminal record. If you have been acquitted, you do not need to disclose it. It's not lying. That's the point. If you have been acquitted, he was acquitted. You can't even ask whether you were previously charged? Under the statute, the statute justifies blinding. You do not disclose the past, whether you were acquitted, whether convicted, anything. I believe you can ask, but if the person has been acquitted, they do not have to disclose it, and you. And that's true even for a police chief? Yes. No. Okay. So, you know, this is a case where there was clear evidence of that discriminatory. This doesn't make any sense to me. So, are you saying that she had an obligation to ignore the letter, or just to formulate a better reason? It's not that she had to ignore the letter. It's that she could not be motivated by him having not been forthcoming, by him not having disclosed it. That is what the statute specifically protects. Basically, if she thought that the fact of the charge itself was enough to not hire him, that's fine. That's fine. But if she thought it was not enough, but the problem was that he hadn't been honest about it, that's not fine. That's correct. And that's because the statute wants to protect against employers just discriminating against people who have a prior record. That's right. It's like the don't check the box type of thing. Exactly. Yes, Your Honor. This is something that is so obvious I shouldn't even be asking, but what exactly is the defamatory statement that you are suing under? So the defamatory statement is what would appear in that article that said Hageme had not been forthcoming about the prior assault charge. And that was the basis for her withdrawing the nomination. What's false about that? What's false about it is that it implies he was dishonest. The mayor herself acknowledged that her statement basically said Hageme was dishonest. That's what's defamatory because the law protected him from having to disclose it. He was not dishonest in the least. He had no obligation to disclose it. That doesn't mean you're honest by not disclosing it. You're not dishonest by not disclosing it because the law protects you. But to say someone is dishonest, to tell the public that an applicant is dishonest about a prior charge... Is the word dishonest used? No, but the mayor has acknowledged and admitted, and everybody who read that who testified said yes, that was the implication. That's what she was saying, and that is very harmful to an applicant for a police chief job. She said that he was not forthcoming on his resume about his work experience and about a court case allegedly of assault and battery. There's no doubt that he didn't disclose his prior disciplinary proceedings. He did not disclose the prior criminal charge, which is what we say... Or the disciplinary proceedings. Or the disciplinary proceedings because, as we discussed in the brief, those were not, in his view and in the view of our expert, those reprimands were not disciplined as to a couple of five-day suspensions. They had been reversed or withdrawn. Were you saying he wasn't forthcoming? I was saying he was forthcoming to the extent he was required to be under the law and that he was certainly not dishonest. Not forthcoming means I didn't reveal it. I'm not going to debate, he didn't reveal it. But to say he was dishonest in not revealing it would be... The whole point of this statute is to protect people from having to disclose a charge where they've been acquitted. If he went to trial, the woman testified... He has that protection. You're also saying it also gives him the right to bring a defamation action. Yes, he has the right to bring a defamation action. That has nothing to do with the statute. The statute has a policy, which is to restrict questions. But when you don't then on yourself reveal and people say, you know, you weren't very revealing, that doesn't have anything to do with defamation. But the problem is, I think it does have to do with defamation because you are implying you have some obligation to reveal. Well, you're implying that you didn't give all the information. That could be good information, bad information, or indifferent. You're implying a severely negative aspect of this person, conveying that he's dishonest. And look what happened as a result. Before this defamatory statement was broadcast, Mr. Hageme was a highly desired candidate. He'd applied to nine places. He was a finalist in three, and in one of those he was chosen. Afterwards, nothing. Had they seen his record? No, the people who... The other 57 places he applied to hadn't seen that record either. Based on his, let's say, his resume record... Peter here. Sorry? Peter here hadn't seen his resume. Right. So based on his resume record, if you will, he was highly desirable, and he sent that same record out after the defamation, and nobody wanted him because he had been... It had been broadcast and published. There was a further aspect of his resume that weren't revealed. Well, no. What the jury found is that this statement that he had not been forthcoming about the criminal charge is what harmed him. That's what harmed him. There was a reference to evidence having been excluded at the trial. Yes. Maybe I missed it. I thought on the field there's a challenge to the jury instruction regarding the acquired evidence issue. Is there a challenge to the evidentiary rule? There is a challenge to the evidentiary rulings in terms of all this after-acquired evidence, which I would say... With respect to the discrimination claim? No, I don't think it relates to that. I'll let my brother answer that. I mean, basically, it has to do with all the prior activities when he was a young police officer and whether he was disciplined and what happened in these cases. There's a lot of hearsay evidence. In any event, it would only go to the after-acquired evidence doctrine, which the defendants won't own anyway. So it's cumulative. They got enough in to persuade the jury that had the city had this information at the time of the hire... Was that a discourse bound for rejecting all that evidence? I believe that was in part, yes. It was cumulative. It would take us too far afield. We'd be trying a case within a case. You can't rule cases within a case. According to my notes, and I want to make sure I get this right, there's two statements that are involved here. First, Hageley was not forthcoming in his resume about his work experience or a court case on alleged solid battery and other charges when he was 21. That's statement number one. Statement number two, the city is not interested in pursuing a candidate for police chief who is not forthcoming in his resume. Those are the two. Are there any other statements? There was also a reference to his having not been forthcoming about his character. Those were the statements. And the jury found that the statement that he was not forthcoming about the assault and battery criminal charges when he was 21 was the defamatory statement that caused the harm. Okay. Thank you. Thank you. No, you didn't reserve time. Sorry. I can, but I'm not going to exercise my discretion. Thank you.